**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

NADINE V. TOWNSEND,

                          Plaintiff,

          - v -                                  Civ. No. 1:13-CV-1606
                                                              (MAD/RFT)

PEP BOYS, MANNY MOE and JACK,

                          Defendants.

**APPEARANCES:**                                **OF COUNSEL:**

NADINE V. TOWNSEND
Plaintiff, *Pro Se*
911 Central Avenue, #329
Albany, New York 12206

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

The Clerk has forwarded to the Court for review a Complaint filed by *pro se* Plaintiff Nadine Townsend. Dkt. No. 1. Plaintiff has also filed a Motion for Leave to Proceed *In Forma Pauperis* ("IFP") and a Motion to Appoint Counsel. Dkt. Nos. 2, IFP App., & 3, Mot. to Appt. Cnsl.

### I. DISCUSSION

#### A. *In Forma Pauperis* Application

Turning first to Plaintiff's Motion to Proceed with this Action *In Forma Pauperis*, after reviewing the entire file, the Court finds that Plaintiff meets the requirement for economic need and thus may properly proceed with this matter *in forma pauperis*.

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that

. . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain her complaint before permitting her to proceed with her action.

### B. Venue

Venue in civil actions in federal court is governed by 28 U.S.C. § 1391(b), which provides that

> A civil action may be brought in –
> (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . . or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b); *see also Atl. Marine Const. Co., Inc. v. United States Dist. Court for the Western Dist. of Texas*, __ U.S. __, __ S.Ct. __, 2013 WL 623 (2013).

Although difficult to decipher at times, it appears that Plaintiff is suing the Defendants because of work performed by them on her car, a 1990 Dodge Caravan, on some unknown date. *See generally* Compl. In papers submitted to the Court, Plaintiff provides conflicting residences for herself. She avers that she resides in Schenectady, New York, Compl. at p. 1, but in signing her Complaint she provides a New York City address, Compl. at p. 7, and on her proposed summons, she indicates an address located in Albany, New York, Dkt. No. 2-1, Proposed Summons. Notwithstanding this confusion, Townsend clearly notes that the Defendants reside in Modesto, California. Compl. at p. 2, ¶ 1B.

Other than Plaintiff's apparent current residence in New York State, there is no indication

in the Complaint that this action is in any way connected to New York State, let alone the Northern District of New York. The conduct complained of is alleged to have occurred, if at all, in California, and, as noted above, all Defendants are alleged to reside in California. Notwithstanding Plaintiff's present geographical location, the venue statute does not refer to where any *plaintiff* resides. The statute refers to the district where the *defendants* reside if they all reside in the same state in which the district is located, or to a district where a substantial part of the acts or omissions that form the basis for the complaint occurred. 28 U.S.C. § 1391(b)(1) & (b)(2). The Plaintiff's residence, wherever it may be, is not relevant for purposes of the venue statute. *See Rose v. Myers*, 2013 WL 6073627, at *1 (D. Conn. Nov. 18, 2013) (venue was deemed improper in Connecticut where plaintiff resided because none of the defendants resided in Connecticut, and the facts which formed the basis for plaintiff's claims occurred in New Jersey). Thus, none of the bases for asserting venue in New York is present in the Complaint as it exists.

When a case is filed in a district in which venue is improper, the court shall dismiss the case, or "if it be in the interests of justice, transfer the case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a). Whether to dismiss or transfer a case is discretionary. *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993). The Second Circuit has cautioned that a court should not dismiss for improper venue on its own motion "except in ***extraordinary circumstances***." *Stich v. Rehnquist*, 982 F.2d 88, 89 (2d Cir. 1992) (emphasis added). Extraordinary circumstances may exist when the plaintiff is a vexatious litigant. *Id*. It may also exist where a plaintiff cannot establish the court's subject matter jurisdiction. This Court finds, as discussed below, that this Plaintiff's case presents sufficient extraordinary circumstances justifying *sua sponte* dismissal rather than a transfer.

## B. Plaintiff's Complaint

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). Furthermore, Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant- unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. (internal quotation marks and alterations omitted). Allegations that "are so vague as to fail to give the

defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

Lastly, in determining whether an action is frivolous, a court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Id*. at 327. Although the Court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity y to respond, the Court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

Townsend asserts that her bases for invoking this Court's jurisdiction can be found in 15 U.S.C. §§ 2301 *et seq*., 18 U.S.C. §§ 241, 371, 372, 1501 *et seq*., 1951 *et seq*., and 1961 *et seq*., as well as 42 U.S.C. §§ 1981, 12202, and 12203. *Id*. at p. 2. Notwithstanding this list, Plaintiff asserts that the named Defendants, acting "under color of official state law and authority, deprived her of equal protection and discriminated against her because of her "race color and disability." *Id*. at p. 3. She further alleges that they breached a contract and warranty. *Id*. at p. 6. At the outset, the Court notes that Plaintiff fails to allege any time frame by which the alleged actions occurred. Thus, aside from assessing whether Plaintiff has plausibly stated a claim on its face, the Court is hamstrung to assess whether her claims have been pled during any applicable statute of limitations period. As noted below, even if Plaintiff maintains her Complaint in a timely manner, none of her stated

theories for relief, nor any liberal construction by the Court, can be maintained.

### 1. 15 U.S.C. § 2301 *et seq*.

In citing to 15 U.S.C. § 2301 *et seq.*, it appears that Plaintiff is attempting to bring a claim pursuant to the Magnuson-Moss Warranty–Federal Trade Commission Improvement Act, which provides a private right of action for a consumer against a manufacturer or retailer who, *inter alia*, fails to comply with the terms of a written or implied warranty. 15 U.S.C. § 2310(d)(1). As established by the Act, the jurisdictional amount in controversy is $50,000. *Id*. at § 2310(d)(3)(B). Explicitly, the Act does not provide nor create new warranties for consumers, and only creates a federal cause of action for those warranties arising under State law. *Id*. at § 2301(7).

Plaintiff alleges that she brought her 1990 Dodge Caravan to Defendants' shop at some unstated date in order to repair a "squealing belt;" but instead of fixing the problem, Defendants lied and told her she needed an "immediate timing chain," then proceeded to damage the belt, drain all the fluids from her car, "botch[]" the timing chain job, and then failed to provide her with a tow back to the shop and/or a rental car for use. Compl. at pp. 4-6. She asserts that their actions constituted a breach of warranty and contract. First, although Plaintiff seeks combined damages for $100,000,000, it is more than suspect that a claim for a faulty belt or timing chain, if indeed she is asserting that such parts were defective, for a 1990 Dodge Caravan exceeds the jurisdictional amount of $50,000. While the sum claimed in the complaint generally controls for jurisdictional purposes, this rule only applies if the claimed amount in controversy is made in good faith. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). "But if, from the face of the pleading[], it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed," the court may dismiss the action for want of jurisdiction. *Id*. Without hesitation, this Court finds that the amount

claimed by Plaintiff regarding parts installed in her 1990 Dodge Caravan do not, as a matter of law, exceed the jurisdictional amount set by the Act. Second, it appears that Plaintiff is suing Defendants for the quality of work performed, and not for the quality of the product installed. Thus, recourse under this Act for violations of express of implied warranties concerning the manufacturing of such items is simply unavailable to her. Furthermore, if we were able to include the quality of the work performed, combining the purported cost of the parts with the value of the services rendered would still not meet the $50,000 jurisdictional requirement. Third, it is far from clear what Plaintiff's complaints were with the parts installed in her car and how, if at all, the parts were defective in any manner. Accordingly, we find that Plaintiff failed to plead a cause of action under the Magnuson-Moss Act.

### 2. Title 18 Claims

With regard to Plaintiff's attempt to present to this Court claims under Title 18 of the United States Code, the Court notes that such Title concerns "Crimes and Criminal Procedure" and Plaintiff cannot bring a civil action to enforce criminal statutes. *See Leeke v. Timmerman*, 454 U.S. 83, 85 (1981) (noting that a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994) (noting that criminal statutes do not provide private causes of action). Thus, Plaintiff cannot maintain an action for the Defendants' purported "obstruction of justice." Compl. at p. 3, ¶ 1E; *Garay v. U.S. Bancorp*, 303 F. Supp. 2d 299, 303 (E.D.N.Y. 2004) (noting that obstruction of justice is a criminal matter for which there is no private cause of action); *Langella v. United States*, 2002 WL 1218524, at *4 (S.D.N.Y. June 5, 2002) (noting that 18 U.S.C. § 1501 *et seq.* "do not create a private right of action for money damages [and] may be enforced only by the Department of

Justice"). Similarly, despite the fact that Plaintiff accuses the Defendants of being corrupt, she cannot maintain a private cause of action pursuant to the Racketeer Influenced and Corrupt Organization ("RICO") Act, 18 U.S.C. § 1961 *et seq*. In order to establish a RICO claim, Plaintiff must plead conduct of an enterprise through a pattern of racketeering activity that causes injury to business or property as a result of the RICO violation. *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 119 (2d Cir. 2013). The pattern of racketeering activity must consist of two or more predicate acts of racketeering as defined in the statute. *Id.* (citing 18 U.S.C. § 1961(5)); *see also* 18 U.S.C. § 1961(1). Plaintiff fails to identify what Defendants did that would constitute predicate acts as defined by the statute. As pled, any attempt to utilize the RICO statue falls far short.

### 3. Title 42 Claims

Plaintiff also seeks recourse under 42 U.S.C. §§ 1981, 12202, and 12203. Section 1981 provides for equal rights based upon race, and covers both public and private conduct. 42 U.S.C. § 1981(a) & (c). In referencing 42 U.S.C. §§ 12202 and 12203, we presume that Townsend is seeking recourse pursuant to The Americans with Disabilities Act ("ADA"), which prohibits discrimination based upon disability. 42 U.S.C. § 12101, *et seq*. Although Plaintiff does not cite directly to the ADA, and instead cites to those portions of that Act which note that States are not entitled to Eleventh Amendment immunity and prohibits retaliation for seeking recourse under the Act, we presume that she is seeking damages pursuant to the entire Act, and not just those sections she specifically cites. *Pabon v. Wrigth*, 459 F.3d 241, 248 (2d Cir. 2006) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) for the proposition that "[w]e construe complaints filed by *pro se* litigants liberally and 'interpret them to raise the strongest arguments that they suggest'").

Plaintiff states that the "wrongful acts" committed by Defendants were motivated by Plaintiff's "race color and disability[,]" but she never identifies her race nor explains the contours of her purported disability. Furthermore, aside from concluding that the Defendants lied to her about the extent of the work that needed to be completed on her car and the importance or need for such work, and that they purportedly "botched" the work completed, she fails to allege any fact by which the Court could liberally construe that Defendants acted in such a manner in order to discriminate against her because of her unidentified race and disability. Thus, Plaintiff's claims for discrimination pursuant to § 1981 and the ADA fail.

And, although not listed amongst her bases for jurisdiction, based upon some of the language contained in the Complaint, it is possible that Plaintiff intended to bring a civil rights action pursuant to 42 U.S.C. § 1983, which "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) & 42 U.S.C. § 1983); *see also Myers v. Wollowitz*, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights"). While Plaintiff states that Defendants deprived her of equal protection of the law, such claim must fail because, despite her conclusory statements, it is not established that the named Defendants were acting under color of any state law, be it California or New York. State action is an essential element of any § 1983 claim. *See Gentile v. Republic Tobacco Co.*, 1995 WL 743719, at *2 (N.D.N.Y. Dec. 6, 1995) (citing *Velaire v. City of Schenectady*, 862 F. Supp. 774, 776 (N.D.N.Y. 1994)). Traditionally, the definition of acting under color of state law requires that the section 1983 defendant "exercised

power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Kern v. City of Rochester*, 93 F.3d 38, 43 (2d Cir. 1996) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988) (internal quotation marks and citation omitted)). While "private parties acting under color of state law can be held liable for violations of federal constitutional rights," *Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citation omitted), there is no indication that these Defendants acted under color of state law when they performed work on Plaintiff's car. To put it in proper perspective, the Defendants were acting merely as private citizens addressing a private matter. Thus, despite Plaintiff's reference to a deprivation of her equal protection rights, presumably referencing the right protected under the Fourteenth Amendment to the United States Constitution, the Court will not liberally construe this action as having been brought pursuant to 42 U.S.C. § 1983.

In light of her *pro se* status, we would normally recommend that Plaintiff be provided an opportunity to amend her pleading once as a matter of course prior to outright dismissal. However, as the Second Circuit has explained, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile."); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that denial of leave to amend not abuse of discretion where amendment would be futile); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [the plaintiff's] causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949

F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."); *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir.1990) ("[W]here . . . there is no merit in the proposed amendments, leave to amend should be denied"). As evidenced by the discussion above regarding the improbability of damages asserted, and the incognizable theories of recovery, as well as the improper venue, the Court finds that an allowance for amendment of this frivolous action would prove futile.

### C. Motion for Appointment of Counsel

As noted above, Plaintiff also asks the Court to appoint counsel on her behalf in this matter. Dkt. No. 3. "A party has no constitutionally guaranteed right to the assistance of counsel in a civil case." *Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d 62, 68 (2d Cir. 2011) (citations omitted). It is well-settled that courts cannot use a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). As the Second Circuit stated in *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986), the court "should first determine whether the indigent's position seems likely to be of substance." 802 F.2d at 61. If the claim satisfies that threshold requirement, a number of factors must be carefully considered by the court in ruling upon such a motion. Among these factors are:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d at 61-62).

This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe,* 899 F. Supp. 972, 974 (N.D.N.Y.

1995) (citing *Hodge v. Police Officers*, 802 F.2d at 61).

As noted above, this Court finds that Plaintiff has failed to state cognizable claim. Therefore, appointment of counsel would not be warranted.

### D. Filing Injunction

The Court would be remiss if we did not deal with the fact that on December 31, 2013, Plaintiff filed eleven civil actions with the Court, all of which have either been dismissed or have recommendations of dismissals pending.[1]

---

[1] On December 31, 2013, Townsend filed the following actions, many of which have been dismissed or have recommendations of dismissals pending:

1) *Townsend v. Liberty Mutual Fire Ins. Co., et al.*, 1:13-CV-1597 (MAD/RFT) (pending recommendation of dismissal with prejudice);
2) *Townsend v. Whitney M. Young Jr. Health Center, Inc. et al*, 1:13-CV-1598 (LEK/CFH) (closed on May 5, 2014 – dismissed for failure to submit an amended complaint);
3) *Townsend v. GHI et al*, 1:13-CV-1599 (GTS/CFH) (closed on June 24, 2014 – dismissed for failure to submit an amended complaint);
4) *Townsend v. Public Storage, Inc*, 1:13-CV-1600 (TJM/TWD) (pending recommendation of dismissal with prejudice);
5) *Townsend v. L.T. Auto Transport, Inc*., 1:13-CV-1601 (MAD/CFH) (closed on Apr. 18, 2014 – dismissed with prejudice and without leave to replead due to jurisdictional deficiencies);
6) *Townsend v. Trustco Bank,* 1:13-CV-1602 (TJM/CFH) (closed on May 14, 2014 – dismissed because the applicable statute of limitations had expired);
7) *Townsend v. Dordofsky et al*., 1:13-CV-1603 (MAD/ATB) (closed on Apr. 18, 2014 – dismissed for lack of jurisdiction, improper venue, and failure to state a claim upon which relief could be granted);
8) *Townsend v. Parkland Mem. Hosp., et al.*, 1:13-CV-1604 (DNH/CFH) (closed on Feb. 21, 2014 – dismissed due to improper venue and failure to state a claim);
9) *Townsend v. Albany Cnty. Dep't of Soc. Servs., et al*., 1:13-CV-1605 (GTS/CFH) (closed on June 5, 2014 – dismissed due to failure to state a claim that is not time-barred);
10) *Townsend v. Pep Boys, Manny Moe and Jack*, 1:13-CV-1606 (MAD/RFT) (current case);
11) *Townsend v. Solis*, 1:13-CV-1607 (MAD/CFH) (closed on Apr. 18, 2014 – dismissed due to improper venue, failure to state a claim, and because the defendant was entitled to absolute immunity).

In 2010, Plaintiff filed three cases on October 28, 2010, all of which were dismissed without service on Defendants:

1) *Townsend v. The Roman Catholic Diocese of Albany County et al*., 1: 10-CV-1303 (GLS/DRH) (closed on May 23, 2011 – dismissed for failure to submit an amended complaint that complied with pleading requirements);
2) *Townsend v. Solis*, 1:10-CV-1304 (GLS/DRH) (closed on Dec. 23, 2010 – dismissed based upon judicial immunity of the defendant);

(continued...)

Courts have an inherent "power to act against vexatious litigation[.]" *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984) (quoting *In re Hartford Textile Corp.*, 659 F.2d 299, 305 (2d Cir. 1981)). Under such circumstances, "the traditional standards for injunctive relief, *i.e.* irreparable injury and inadequate remedy at law, do not apply to the issuance of an injunction against a vexatious litigant." *Id.* Indeed, a Court may enjoin such a litigant on its own motion in order to protect the public and to ensure "efficient administration of justice." *Id.* As the Second Circuit noted, "we need not await the arrival of a litigant able to show private entitlement to relief. . . . A history of litigation entailing 'vexation, harassment and needless expense to [other parties' and 'an unnecessary burden on the courts and their supporting personnel' is enough." *Id.* (quoting *In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir. 1982)). "'A district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation. *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) (quoting *Abdullah v. Gatto*, 773 F.2d , 487, 488 (2d Cir. 1985)).

A court deciding whether to enjoin a vexatious litigant from filing another action should consider several factors:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. Ultimately the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.

---

[1](...continued)
3) *Townsend v. Dobbs et al.*, 1:10-CV-1305 (GLS/RFT) (closed on Jan. 26, 2012 – dismissed for failure to file an amended complaint that complied with pleading requirements).

*Id.*

The Court finds that these factors weigh, in material respect, in support of imposing an injunction at this time. Plaintiff filed a series of lawsuits that may or may not have the aim of harassing the defendants, but certainly clogged the court. Although the Court is unable to ascertan Ms. Townsend's intentions with her multiple filings, the consequence evinces vexation and an unnecessary burden on the Court. Indeed, the time an energy spent in construing the eleven complaints that Ms. Townsend filed in one day is enough cause to impose an injunction on her. Multiple filings in other jurisdictions and this Court evinces an abuse of the judicial process that is likely to continue absent sanctions. But for Plaintiff having not been placed on notice that her conduct is worthy of sanction, as decisions from the Second Circuit Court of Appeals appear to require, an injunction would be recommended. *See generally In re Martin-Trigona*, 737 F.2d 1254; *Malley v. New York City Bd. of Educ.*, 112 F.3d 69 (2d Cir. 1997). Indeed, unlike the *Malley* plaintiff, Townsend has not been warned, prior to December 31, 2013, by this or any other court that her continued filing of frivolous claims could lead to sanctions that could include a filing injunction. The Court of Appeals in *Malley* was careful to emphasize the district court's warnings that failing to abide by the court's rulings could lead to sanctions against the plaintiff. Here, it is not clear that Plaintiff received such a warning, and hence Court declines recommending closing off even a portion of her access to the courts without providing proper notice.

**We warn Plaintiff that should she continue on this path of filing multiple, patently frivolous actions, the Court will use its inherent power and the power of Rule 11 of the Federal Rules of Civil Procedure to impose sanctions on her. Such sanctions could include, but are not limited to, dismissal of that case, as well as any other action filed by Plaintiff in this Court,**

**fines, and an injunction prohibiting the filing of additional cases in this Court without prior approval by the Chief District Judge.**

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's *In Forma Pauperis* Application (Dkt. No. 2) is **granted**; and it is further

**ORDERED**, that Plaintiff's Motion for Appointment of Counsel (Dkt. No. 3) is **denied**; and it is further

**RECOMMENDED**, that the entire Complaint be **dismissed**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted; and it is further

**ORDERED**, that the Clerk serve a copy of this Report Recommendation and Order on Plaintiff by certified mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(e).

**IT IS SO ORDERED**.

Date: August 27, 2014
       Albany, New York

Randolph F. Treece
U.S. Magistrate Judge