**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**NADINE V. TOWNSEND,**

                                        **Plaintiff,**

         **vs.**                                        **1:13-cv-1606**
                                                        **(MAD/RFT)**

**PEP BOYS, MANNY MOE and JACK,**

                                        **Defendants.**
_____

**APPEARANCES:**                        **OF COUNSEL:**

**NADINE V. TOWNSEND**
911 Central Avenue, #329
Albany, New York 12206
Plaintiff *pro se*


**Mae A. D'Agostino, U.S. District Judge:**

                                **ORDER**

        Plaintiff commenced this action *pro se*, along with ten other, separate actions, on

December 31, 2013.[1]  In the instant action, Plaintiff seeks damages in the amount of $100,000,000

for harm she alleges Defendants caused while performing work on her 1990 Dodge Caravan.  *See*

Dkt. No. 1.

        In an August 27, 2014, Report-Recommendation and order, Magistrate Judge Randolph F.

Treece granted Plaintiff's application to proceed *in forma pauperis*, denied Plaintiff's motion to

appoint counsel, and reviewed the sufficiency of the complaint.  *See* Dkt. No. 4.  Magistrate

Judge Treece noted that each of the Defendants are citizens of California, none of the alleged

conduct took place in New York, and the only connection to New York State is that Plaintiff now

_____

        [1] *See* Dkt. No. 4 at 12 n.1 (collecting cases).

lives in Albany. Magistrate Judge Treece thus determined that venue in this district is improper, pursuant to 28 U.S.C. § 1391(b), and that dismissal, rather than transfer to California, would be appropriate because the plaintiff is a vexatious litigant and the complaint is frivolous. Magistrate Judge Treece further noted that Plaintiff alleged causes of action under several federal statutes, and determined that she had failed to plead a cause of action under any of those statutes. As such, Magistrate Judge Treece recommended that the Court dismiss the complaint with prejudice. *See id.* Plaintiff has not objected to the Report-Recommendation.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v.*

-2-

*Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having reviewed Magistrate Judge Treece's Report-Recommendation and Order and the applicable law, the Court finds that Magistrate Judge Treece correctly recommended that the Court should dismiss Plaintiff's complaint with prejudice. A review of Plaintiff's complaint makes clear that venue is improper and that Plaintiff fails to state a plausible claim for relief. Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991). An opportunity to amend, however, is not required where "the problem with [plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted). As the Second Circuit has explained, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Here, Magistrate Judge Treece correctly recommended that the Court dismiss the complaint with prejudice because "of the improbability of damages asserted, and the incognizable theories of recovery, as well as the improper venue;" therefore, amendment would be futile. Dkt. No. 4 at 11.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Treece's Report-Recommendation and Order (Dkt. No. 4)

is **ADOPTED in its entirety** for the reasons stated therein**;** and the Court further

      **ORDERS** that this action is **DISMISSED with prejudice**; and the Court further

      **ORDERS** that the Clerk of the Court shall close this case; and the Court further

      **ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff by

regular mail.

**IT IS SO ORDERED.**

Dated:  September 29, 2014
       Albany, New York

Mae A. D'Agostino
U.S. District Judge